UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**MARY E. BEASLEY,**

 **Plaintiff,**               CASE NO.: 1:21-cv-22260

v.

**UNIVERSITY OF MIAMI,**

 **Defendant.**

_____/

## DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of the above-captioned case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in which it is now pending, to the United States District Court for the Southern District of Florida. In support hereof, the University states as follows:

1. Plaintiff, Mary E. Beasley, commenced the above-styled action by filing a Complaint against the University in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 2020-011380-CA (31), on May 29, 2020. Plaintiff's Complaint alleged two claims under Florida state law: (1) discrimination in violation of the Florida Civil Rights Act ("FCRA"); and (2) retaliation in violation of the FCRA

2. On May 19, 2021, the University moved to dismiss Plaintiff's Complaint. In response to the University's motion to dismiss, on June 8, 2021, Plaintiff filed a First Amended Complaint as of right pursuant to Fla. R. Civ. P. 1.190(a). Therein, Plaintiff alleges eight claims: (1) discrimination in violation of the FCRA; (2) discrimination and harassment in violation of the

FCRA; (3) retaliation in violation of the FCRA; (4) violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4; (5) violation of 29 C.F.R. § 2590.606-4(b)(4)(xii); (6) violation of 29 C.F.R. § 2590.606-4(b)(4)(vi); (7) violation of 29 C.F.R. § 2590.606-4(b)(4); and (8) a class claim for violation of 29 U.S.C. § 1166(a) and 29 C.F.R.§ 2590.606-4.[1]

3.  Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4.  This Court has original jurisdiction over Plaintiff's federal-law claims (Counts 4-8) pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

5.  Title 28 U.S.C. § 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This Court has supplemental jurisdiction over Plaintiff's state-law claims under the FCRA because they are premised on the same factual allegations as Plaintiff's federal claims, as all claims arise out of

---

[1] The University has not yet responded to the First Amended Complaint. Pursuant to Fla. R. Civ. P. 1.190(a), the University's response would have been due on or before June 18, 2021. In state court, the University sought and obtained an unopposed extension of time to respond until June 28, 2021. However, upon removal, Fed. R. Civ. P. 81(c)(2) provides that a "defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." Therefore, the University believes that its response to the First Amended Complaint is due on or before June 28, 2021 (7 days after this Notice of Removal was filed). Notwithstanding, contemporaneously herewith, the University has filed a Motion to Dismiss.

the University's decision to terminate Plaintiff's employment. *See, e.g.*, *Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1361 (S.D. Fla. 2013) (noting that removal was proper because the district court had original jurisdiction over plaintiff's federal-law claim and supplemental jurisdiction over plaintiff's state-law claims that "arise out of the same nucleus of operative facts" as the federal-law claim).

6. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal has been signed by counsel for the University pursuant to Fed. R. Civ. P. 11.

7. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" the University in this action.

8. Pursuant to 28 U.S.C. § 1446(b). this Notice of Removal is timely. Although this case was not originally removable when filed (as it only alleged state-law claims), it first became removable as of June 8, 2021, with the filing of Plaintiff's First Amended Complaint, which asserted federal claims. This Notice of Removal is being filed within thirty (30) days of the date this case first became removable and, therefore, is timely. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served on counsel for Plaintiff and will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Teresa Ragatz
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Jordan D. Isicoff
    Florida Bar No. 1004162
    Jordan@irlaw.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via e-Mail and CM/ECF this 21st day of June, 2021, upon the following:

**REMER & GEORGES-PIERRE, PLLC**
Anthony M. Georges-Pierre, Esq.
Max L. Horowitz, Esq.
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile
Email: agp@rgpattorneys.com
mhorowitz@rgpattorneys.com

By: /s/ Teresa Ragatz
    Teresa Ragatz

4