IN THE CIRCUIT COURT OF THE

11th JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE No.: _____

**MARY E. BEASLEY,**

    Plaintiff,

vs.

**UNIVERSITY OF MIAMI,**

    Defendant.

_____/

## COMPLAINT

The Plaintiff, Mary E. Beasley (hereinafter "Beasley"), by and through the undersigned counsel, hereby sues Defendant, University of Miami (hereinafter "Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of attorney's fees, interest and costs; and therefore, this action is within the jurisdiction of this Court.

2. Plaintiff is a disabled female, she was and continues to be, a resident of Miami-Dade County, Florida; and was an employee of Defendant performing the duties of an office manager personnel for the Defendant, within a company operated business facility, located in South, Florida.

3. Defendant, is a not for-profit corporation, duly authorized to conduct business in the State of Florida located in South, Florida.

4. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,* since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

6. Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

7. Plaintiff previously filed timely charges of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination; and these charges were filed on or about April 1, 2019.

8. Pursuant to Fla. Stat Section 760.11 (1), for all charges of discrimination filed after June 8, 2001, the filing of a discrimination charge with the Equal Employment Opportunity Commission or with a local fair employment practices agency, vest the Florida Commission On Human Relations with jurisdiction with respect to that charge.

9. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS**

10. Plaintiff is a female who was discriminated against by her employer the University of Miami through the Vice Dean Christian Garcia because of her sex, disability and/or perceived disability.

11. Plaintiff began to work for the Defendant on or about November 27, 2017 as an office manager.

12. The discrimination Plaintiff was subject to included but was not limited to the following: Plaintiff's direct supervisor was the Vice Dean Christian Garcia: however, he was often out of the office. When he was in the office, he would create a hostile work environment towards the females, including the Plaintiff.

13. Plaintiff's supervisor was openly gay and would give preferential treatment to males to the discriminatory detriment of female employees.

14. Plaintiff's supervisor would hire mostly men, appoint men for the most important positions and would rarely promote women.

15. Similarly-situated employees to Plaintiff received preferential treatment due to his sex and to Plaintiff's detriment.

16. On or about February 2018, Plaintiff notified Defendant's Human Resources department to complain about her discriminatory treatment. Plaintiff was retaliated due to her complaints of discrimination.

17. Plaintiff was the victim of harassment by her supervisor due to her complaint to Human Resources.

18. On or about March 2018, Defendant's agent made verbally harassing statements and disparate treatment to Plaintiff notified Defendant's Human Resources.

19. While employed with Defendant Plaintiff was diagnosed with Endometriosis and an ovarian cyst.

20. Endometriosis is a disease in which tissue that normally grows inside the uterus grows outside the uterus. Its main symptoms are pelvic pain and infertility. Endometriosis results in chronic pelvic pain, while in 70% pain occurs during menstruation. Pain with sex is also common. Infertility occurs in up to half of people. Less common symptoms include urinary or bowel symptoms. Endometriosis can have both social and psychological effects. Plaintiff placed Defendant's agent of her medical diagnosis.

21. On or about March 2018, Defendant's agent singled Plaintiff out and attempted to send Plaintiff to the university's disability office, claiming that this was a disability and she was handicapped, even though Plaintiff was able to work.

22. Defendant's agent harassed Plaintiff due to her disability and/or perceived disability. Plaintiff notified Mr. Garcia that she was having surgery and would have medical restrictions thereafter.  Upon Plaintiff's return from her medical procedures further harassment ensued.

23. On or about May 24, 2018, Plaintiff was terminated without cause. Plaintiff was terminated in discrimination for her sex, disability or perceived disability, and in retaliation for complaints of discrimination.

24. Throughout Plaintiff's employment she was able to perform the essential functions of her job duties and responsibilities.

25. At all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory levels. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

26. Plaintiff while employed with Defendant was a victim of blatant, willful and unlawful discrimination based upon her disability.

## COUNT I.
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FCRA

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

28. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, considerations, or race-based reasons.

29. The Plaintiff, possessed the requisite qualifications and skills to perform the position for the Defendant employer.

30. The Plaintiff was subjected to disparate treatment in the work place, in that a similarly situated non-disabled employee was allowed opportunities not given to Plaintiff due to Plaintiff's disability.

31. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

32. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

    A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

    B. Award Plaintiff as to this count prejudgment interest; and

    C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

    E. Plaintiff demands a trial by jury.

## COUNT II.
## RETALIATION IN VIOLATION OF THE FCRA

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

34. The FCRA contains an anti-retaliation provision, forbidding employees from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under the Florida Civil Rights Act.

35. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

36. The Plaintiff had filed a charge of employment discrimination.

37. By filing the charge of discrimination, Plaintiff LFRED had a reasonable belief that the Defendant had engaged in unlawful conduct, in violation of the FCRA, when she alleged that the employer had for the unsubstantiated and pre-textual reasons Defendant's actual motives for the discriminatory and retaliatory, and related considerations.

38. Plaintiff's termination, constituted discriminatory and retaliatory conduct, and such conduct, knowingly and intentionally perpetrated by the Defendant employer, violated the anti-retaliation provision of the FCRA.

39. As a result of the Defendant's retaliatory conduct, the Plaintiff has been compelled to file this action and he has incurred costs.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant, find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Law.

E. Plaintiff demands a trial by jury.

Dated this 29th day of May, 2020                Respectfully submitted,

          **REMER & GEORGES-PIERRE, PLLC**
          COURTHOUSE TOWER
          44 West Flagler Street, Suite 2200
          Miami, Florida 33130
          Tel. (305) 416-5000
          E-Mail: agp@rgpattorneys.com

          By: *Anthony M. Georges-Pierre*

          Anthony M. Georges-Pierre, Esq.
          Florida Bar Number: 0533637

                                              **IN THE CIRCUIT COURT OF THE**
                                              **11th JUDICIAL CIRCUIT, IN AND FOR**
                                              **MIAMI-DADE COUNTY, FLORIDA**

                                              **GENERAL JURISDICTION DIVISION**

**MARY E. BEASLEY,**

    **Plaintiff,**                          **CASE No.:** _____

vs.

**UNIVERSITY OF MIAMI,**

    **Defendant.**
_____/

### SUMMONS IN A CIVIL CASE

**TO:**          HUMBERTO SPEZIANI
                UM RISK MANAGEMENT
                **Registered Agent for** University of Miami
                1320 SOUTH DIXIE HIGHWAY S-1200
                CORAL GABLES, FL 33146

**YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY**

                **Anthony M. Georges-Pierre, Esq.**
                **REMER & GEORGES-PIERRE, PLLC**
                **COURTHOUSE TOWER**
                **44 West Flagler Street, Suite 2200**
                **Miami, FL 33130**

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____                                                _____
CLERK                                                                          DATE

_____
(BY) DEPUTY CLERK