**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-22260-BLOOM/Otazo-Reyes**

MARY E. BEASLEY,

      Plaintiff,

v.

UNIVERSITY OF MIAMI,

      Defendant.

_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record following the parties' Joint Stipulation of Dismissal with Prejudice of Only Counts IV, V, VI, VII, VIII of Plaintiff's First Amended Complaint, ECF No. [11] ("Joint Stipulation"). The Court has carefully reviewed the Joint Stipulation, the record in this case, the applicable law, and is otherwise fully advised. Accordingly, for the reasons set forth below, this action is remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

On May 29, 2020, Plaintiff Mary E. Beasley ("Plaintiff") initiated this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida entitled *Mary E. Beasley v. University of Miami*, Case No. 2020-011380-CA (31) ("Circuit Court Action"). *See* ECF No. [5]. On June 8, 2021, over one year later, Plaintiff filed her First Amended Complaint asserting the following eight claims: discrimination in violation of the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA") (Count I), failure to prevent workplace discrimination and harassment in violation of the FCRA (Count II), retaliation in violation of the FCRA (Count III), violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 (Count IV), violation of 29

C.F.R. § 2590.606-4(b)(4)(xii) (Count V), violation of 29 C.F.R. § 2590.606-4(b)(4)(vi) (Count VI), violation of 29 C.F.R. § 2590.606-4(b)(4) (Count VII), and a class claim for violation of 29 U.S.C. § 1166(a) and 29 C.F.R.§ 2590.606-4 (Count VIII). *See* ECF No. [1-15].

On June 21, 2021, Defendant filed a Notice of Removal to Federal Court, ECF No. [1] ("Notice"), pursuant to 28 U.S.C. §§ 1441, 1446. According to the Notice, the Court has original jurisdiction over Plaintiff's newly-asserted federal claims (Counts IV-VIII) pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's related state-law claims (Counts I-III) pursuant to 28 U.S.C. § 1367(a). *See* ECF No. [1]. Upon removing this action, Defendant also filed a Motion to Dismiss the Amended Complaint, ECF No. [3] ("Motion to Dismiss"), seeking dismissal of the First Amended Complaint in its entirety for failure to state a claim. Thereafter, on July 6, 2021, Plaintiff filed a Response to the Motion to Dismiss, ECF No. [10] ("Response"). That same day, the parties filed the Joint Stipulation, ECF No. [11], dismissing all federal claims asserted in this action with prejudice. Thus, the only claims that remain are grounded entirely in state law. *Id.*

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, district courts are "obligated to inquire not subject matter jurisdiction *sua sponte* whenever it may be lacking." *Blakenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005)).

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when "all other claims over which it has original jurisdiction"

have been dismissed. *Id.*; *see also Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). In removed cases, if the district court declines to exercise supplemental jurisdiction under § 1367(c)(3), the remaining state law claims should be remanded to state court. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005). In deciding whether to remand, the Court should "take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001); *see also Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999).

Upon review of the record, the Court declines to exercise supplemental jurisdiction. Specifically, the interests of comity weigh heavily in favor of declining jurisdiction because the only claims that remain are Plaintiff's state-law FCRA claims, all of which are best suited for determination by a Florida court. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law.") (citation omitted). This is especially true where, as here, the federal claims have been dismissed prior to trial. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (dismissal of state-law claims strongly encouraged when federal law claims are dismissed prior to trial).

Additionally, considerations of judicial economy militate strongly in favor of remand. Prior to removing this case approximately three weeks ago, this action had been pending in state court for over one year. *See* ECF No. [1]. Likewise, the Court does not find that remand would inconvenience or prejudice either party. Indeed, the Court has not presided over any discovery issues nor addressed the merits of any motion. *See Cohill*, 484 U.S. at 350 n. 7 ("When federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain,

the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *see also Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 539 (11th Cir. 2015) ("[E]very litigant who brings supplemental claims in [federal] court knowingly risks the dismissal of those claims.") (citations omitted). Thus, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida for further proceedings.

2. All pending motions are **DENIED** as moot.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 7, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record